## THE PROSPECT PARK AND CONEY ISLAND RAILROAD COMPANY, Appellant, *v.* S. STRYKER WILLIAMSON AND OTHERS, Respondents.

*Statutory proceedings of commissioners of highways — when they cannot be restrained by a court of equity.*

A court of equity cannot entertain an action to restrain commissioners of highways from continuing proceedings, instituted under the provisions of the statutes, to open a highway, on account of any irregularities occurring in their proceedings, unless it be shown that the assistance of the court is necessary to protect the complainant against irreparable damage and injury.

APPEAL from a judgment in favor of the defendants, entered upon the trial of this action by the court without a jury.

*John H. Bergen*, for the appellant.

*Morris & Pearsall*, for the respondents.

DYKMAN, J.:

The plaintiff owns and operates a railroad from the city of Brooklyn to Coney Island, in the town of Gravesend, and, under the sovereign power of the State, has acquired land at the ocean shore in that town for the purposes of its road. In the years 1879 and 1880 proceedings were instituted for the opening of a highway, called Surf avenue, through this land, and the plaintiff thereupon brought this action, on the equity side of the court, to restrain the commissioners of highways from proceeding further in opening such highway.

The complaint charges irregularities in the proceedings for the opening of this avenue, and alleges that the same will cut the land of the company in two about 500 feet from the shore of the ocean, and will utterly destroy the same for the purposes for which it was acquired, and will cause irreparable injury to the plaintiff.

If there is any doubt about the insufficiency of this last allegation to bring this case within equity jurisdiction, it is answered by the finding of the trial judge, on amply sufficient testimony, "that

such portion of the property described in the complaint herein, over which the said highway or avenue runs through and crosses, is not now used, and has never been used by the plaintiff for railroad or depot purposes, and is not necessary to the plaintiff for railroad or depot purposes; that the laying out of said highway or avenue, as proposed by said commissioners, will not destroy or interfere with the property occupied by the plaintiff for railroad or depot purposes, and will not prevent or impair the access of people transported on the plaintiff's railroad, and will not cause any damage to the business of the plaintiff's road or drive the patronage of the public away from the said road, nor affect the franchises of the plaintiff." These findings strip from the plaintiff the right to invoke the aid of a court of equity for protection against irreparable damage and injury.

The commissioners of highways of the town of Gravesend are clothed with certain powers, and have imposed upon them certain duties, and were proceeding under statutory provisions to lay out this avenue when their movements were arrested by the commencement against them of this action to put an end to their efforts in that direction.

Our conclusion is that a court of equity cannot entertain the action. Whether the acts of subordinate bodies and tribunals, such as boards of supervisors, commissioners of highways of towns, and town assessors, and the like, are tainted with invalidity, or are irregular or void, depend upon principles purely and entirely legal, and must be determined by the letter and spirit of the law under which they proceed. No equitable principles can be involved, and courts of equity have never exercised jurisdiction in such cases, either in this country or in England. (*Hyatt* v. *Bates*, 35 Barb., 308; *Mooers* v. *Smedley,* 6 Johns. Ch., 28.) Chancellor KENT said, that "in the whole history of the English Court of Chancery there is no instance of the assertion of such a jurisdiction." Neither is there any necessity for such an assertion in this case. In the hands of all persons aggrieved by the action of the commissioners in this proceeding are placed ample means for their review in the courts of common law by *certiorari* or appeal, or if they have transcended their powers and acted beyond their jurisdiction they are left as trespassers amenable to the same tribunals.

In the case of the *Albany Northern Railroad Company* v.

*Brownell* (24 N. Y., 345) the Court of Appeals held that an injunction suit would lie to restrain commissioners of highways from laying out a highway, over grounds acquired by a railroad corporation for the site of an engine-house necessary for the use at a station, and from taking possession of such site. That case, however, went on its own peculiar features, and the general doctrine in the opinion is in harmony with the views above expressed.

As the judgment must be affirmed we do not express any opinion on the other questions presented.

GILBERT, J., concurred; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.